Staples, J.
The principle of election is a well established doctrine of courts of equity. It is said to be founded upon the equitable ground of an implied condition-that he who accepts a benefit under an instrument, must adopt the whole of it, conforming with all its provisions, and renouncing every right inconsistent with them. A party availing himself of such instrument in one particular, must not defeat its operation in another. It is also well settled that where a party disposes of the absolute right in property in which he has but a limited interest, he necessarily shows an intention to extinguish all other conflicting adverse interests, whether present or future, direct or contingent. 1 Leading Cases in Equity 400; 2 Story Equity Jur. § 1096.
According to these familiar principles, the appellant having accepted the devise of the “Callison Farm,” must beheld to have ratified the devise to the appellees of the “Double Cabin Farm,” and is thereby estopped to assert title or claim to the latter. This was conceded in the petition, and in the argument of appellant’s counsel before this court. It is insisted, however, that the appellant is entitled to the purchase money contracted to be paid for his land, and that the court below ought to have rendered a decree accordingly in his behalf. The practice of decreeing between co-defendants is not much favored by the courts. There is an increasing indisposition to extend that practice further than it has already' been carried.
In Taliaferro v. Minor, 1 Call. 456, the Court of Appeals reversed the decree of the court below upon the ground that the pleadings raised no issue between the co-defendants as to the state of the accounts between them. And in Blair v. Thompson, 11 Gratt. 441, Judge Allen laid down the rule to be, “where the equities between the defendants do not arise out of the pleadings and proofs between plaintiffs and defendants, there can be no decree between co-defendants.”
*40 In this case, the appellees in their bill alleged that James GUenn, the father of the appellant, sold the land ' in controversy to the testator Clark, and that this sale had been ratified by appellant upon arriving at maturity ; and in any view the appellant, by accepting the devise ■ of the Callison estate, had ratified the devise to the appellees. In his answer the appellant controverted all these positions, denying the sale—denying the ratification on his part—insisting that the transaction did not present a case of election, and claiming title to the estate devised to the appellees. These are the issues, and the only issues, presented by the pleadings, presenting .questions for adjudication between appellant and appellees, and not between appellant and the estate of William Clark.
It is very true, that a legacy will not be deemed a satisfaction of a debt, where the legacy and debt are different in their nature, as where the testator is indebted by bond, and bequeaths to his creditor an interest in land. If the appellant desired to invoke this principle in his behalf, and to assert a claim to the purchase money, he should have adopted a course of proceeding calculated to raise that question, upon a direct issue between himself and the executor of William Gr. Clark. ■In such proceeding, the executor would have been afforded an opportunity of contesting the claim, of relying upon the statutory, limitation, of establishing payments, and of showing, it may be, that the devise to the appellant was a satisfaction of the debt due him from Clark’s estate. Ho such issues, however, were made; :none were asked. Ho settlement of the executorial accounts was required to ascertain the sufficiency of the ■assets, and the court could make no decree affecting them.
The appellant not only did not assert any claim to the purchase money, but he repudiated the sale, affirming his title to the land. Under these circumstances, I can *41 not conceive that the Circuit court was authorized even to consider any supposed claim of the appellant to the purchase money for the land, much less to render a decree in his favor.
It was argued, however, that all the parties were before the court. It might have required the payment of the debt as a condition of granting the relief sought by the bill. It is true, the executor was a party to the suit; but, as he asked for no relief, I cannot see by what authority, or upon what principle, the court could impose terms upon him, as a condition of affording relief to third parties, with whom he bad no connection or privity.
' The appellees asked the interposition of the court, upon the ground that the appellant, by his acceptance of the devise, was precluded from contesting the other provisions of the will. The testator, in disposing of the “Double Cabin farm,” manifested an intention, not merely to extinguish appellant’s title thereto, but any lien he might have thereon for unpaid purchase money. If the debt still subsisted, it constituted a claim against the estate of William G. Clark, and not against the appellees, or the land in their possession. So soon as they established a case of election, and that the appellant had rhade that election, they were entitled to the aid of a court of equity, without any terms imposed of paying a debt for which they were in no manner responsible.
It was asserted in the argument, that the appellant had made his election, upon condition of receiving the unpaid purchase money for his land. It may be so, but the facts disclosed in this record do not warrant such a conclusion. When informed by the executor that he would be paid the balance due him by the parties interested, he replied that he had no compromises to make ; that he was entitled to the land claimed by the appellees, and his purpose was to recover it. In his answer, he repudiated the sale made by his father; denied its validity, *42 so far as he was concerned ;• denied also- that he had ever-ratified the contract; and insisted that, under a true construction of the will of William G-. Clark, he was not required to make an election. These facts would seem to indicate that he accepted the devise under a mistaken impression that he was entitled to hold both estates, and not under any expectation of recovering the purchase money. However, it is not my purpose to express any opinion upon the merits of the case. Whether the appellant has the right to a recovery against the estate of William G. Clark, is a question not sufficiently presented by the pleadings to justify this court in rendering a decision thereon.
For these reasons, I am of opinion the decree of the District court should be affirmed, with costs, but without prejudice to any claim the appellant may assert to the purchase money for the land, as against the estate of William G. Clark.
The other judges concurred in the opinion of Staples, J.
Decree affirmed.